ation of such institutions, the act establishes a provident adjustment of the tax, by which the stipulated gains of the depositors are not abridged. But because the same considerate liberality induced a partial exemption of deposits from taxation, it does not follow that the proviso which secures it, is to be extended beyond the subject to which it is appropriated, or the context which it expressly qualifies. By no latitude of implication can this be done, where both the subject and the rate of taxation to which it is sought to apply the proviso are different from those to which it expressly relates. In the one case the tax is imposed upon surplus earnings, and at the rate of five per cent.; in the other upon deposits, and at the rate of one-half of one per cent. Now the proviso exempts from the latter tax deposits with institutions named, which are invested in certain securities, and are of limited amount in the names of single individuals. It refers exclusively to this tax, and restricts its imposition as stated, and it has no necessary relation to any other tax imposed by the act. It cannot, therefore, by implication, be made more comprehensive than its terms import, or be extended beyond the scope, within which both its reason and its subject confine it.

But it is urged that, as "provident institutions,"—to which it is alleged the corporation defendant belongs—are named in the proviso and not in the sub-section imposing the tax upon earnings, they are excluded from the imposition of this tax. Whether a distinct class of institutions is thus described, or whether they are generally the same, as the others named in the proviso, is altogether immaterial. If they are not banks or savings institutions, their earnings are not taxable. But, as before mentioned, the defendant here is properly found to be a savings institution, and, as such expressly designated by the act, its surplus earnings are subject to taxation. The United States is, therefore, entitled to judgment for the amount of tax in arrear.

Upon this sum interest is claimed, but I do not think it is allowable. Although it does not appear in the verdict, it has been orally agreed by the counsel, that the defendant was not reprehensibly in default, but that its refusal to pay the tax claimed was induced by the inconsistent action and the conflicting opinions of the internal revenue department as to its liability, and its reasonable desire, therefore, to have this judicially determined. Under such circumstances interest ought not to be exacted. But besides this, a specific penalty is imposed for default in the payment of the tax, which is, therefore, the exclusive measure of accountability, beyond the amount of the tax itself. For this a separate action is pending, and the liability of the defendant must be limited to the amount of tax in arrear. It is, therefore, ordered that judgment be entered on the verdict for the plaintiff for the sum of $5,356.

[On error this judgment was affirmed by the supreme court. 19 Wall. (86 U. S.) 227.]

## Case No. 14,979a.

### UNITED STATES v. The DOLPHIN.

[See Case No. 3,975.]

## Case No. 14,980.

### UNITED STATES v. DOMAN.

[See Case No. 14,983.]

## Case No. 14,981.

### UNITED STATES v. DOMINGO.

[See Case No. 16,032.]

## Case No. 14,982.

### UNITED STATES v. DONAHOO.

[1 Cranch, C. C. 474.] [1]

Circuit Court, District of Columbia. Dec. Term, 1807.

FORCIBLE ENTRY AND DETAINER—WHERE INQUEST TAKEN—GRAND JURORS.

In forcible entry and detainer, it is not necessary that it should appear upon certiorari, that the inquest was taken on the spot where the force was used: nor that the jurors should appear to be qualified according to the requisites of the common law.

[Cited in Holmead v. Smith, Case No. 6,630.]

Inquisition for forcible entry and detainer brought up by certiorari.

Mr. Morsell moved to quash the inquisition, because the inquest was not taken on the spot where the force is alleged to have been used, and because it did not appear that the jurors had the common-law qualifications of grand jurors; this being a proceeding at the common law.

F. S. Key, contra. The issue is joined below on the traverse of the force, and the proceedings were there arrested by the certiorari. The defendant cannot take advantage of any thing but what would avail him in arrest of judgment. The warrant to the marshal is, to summon sufficient and indifferent persons to inquire upon their oath, &c., and it does not appear on the proceedings that they were not sufficient.

THE COURT (FITZHUGH, Circuit Judge, absent) refused to quash the inquisition on either of the grounds suggested.

[1] [Reported by Hon. William Cranch, Chief Judge.]